UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:13-cv-80220-KLR

STEVEN TESKEY, on his own behalf and others
similarly situated,

    Plaintiff,

v.

INFINITY SALES GROUP, LLC, a Florida
limited liability company,

    Defendant.
_____/

### PLAINTIFF'S NOTICE OF FILING *UNVERIFIED* ANSWERS TO COURT'S INTERROGATORIES

    Plaintiff, STEVEN TESKEY, by and through the undersigned counsel and pursuant to the Court's March 6, 2013, [D.E. 4] Scheduling Order, hereby serves his Answers to the Court's Interrogatories.

Dated: March 20, 2013                           Respectfully submitted,
      Boca Raton, Florida

                                                **s/CAMAR R. JONES**
                                                CAMAR R. JONES
                                                Florida Bar No. 0720291
                                                E-mail: cjones@shavitzlaw.com
                                                SHAVITZ LAW GROUP, P.A.
                                                1515 South Federal Highway, Suite 404
                                                Boca Raton, Florida  33432
                                                Telephone: (561) 447-8888
                                                Facsimile: (561) 447-8831
                                                Attorneys for Plaintiff

**COURT'S INTERROGATORIES TO PLAINTIFF**

1. **During what period of time were you employed by the Defendant?**

    Plaintiff was employed by Defendant from approximately July 2009 to present. Plaintiff was initially hired as a Sales Representative, and held that position until October 2009. Plaintiff then became a "Sales Manager" from November 2009 to October 2012. This action is limited to the time frame in which he worked under the title "Sales Manager," which is a period of 76 weeks within the 2 year statute of limitations.[1]

2. **Who was your immediate supervisor?**

    Mitch Misel – General Sales Manager.

3. **Did you have a regularly scheduled work period? If so, specify.**

    Plaintiff typically worked approximately 5 days per week, from 9:00 a.m. and 6:00 p.m.

4. **What was your title or position? Briefly describe your job duties.**

    Plaintiff was titled a "Sales Manager." Plaintiff's spent most of his time on the phone performing customer service tasks, and making sales.

5. **What was your regular rate of pay?**

    Plaintiff was paid a set salary of approximately $800.00/week.

6. **Provide an accounting of your claim, including:**

    (a) dates:

    Within the 2 year statute of limitations, Plaintiff was employed in the "Sales Manager" position from approximately March 2011 and October 2012.

    (b) regular hours worked:

    Plaintiff regularly worked 40 regular hours each work week.

    (c) over-time hours worked:

    Plaintiff worked approximately 5 uncompensated overtime hours each week.

    (d) pay received versus pay claimed:

    Plaintiff alleges that between approximately March 2011 and October 2012, Defendant failed to compensate him at the rate of a half time him applicable regular rate for all of the hours Plaintiff worked in excess of Forty (40) hours.

    (e) total amount claimed:

---

[1] Plaintiff does not waive the argument that a 3 year statute of limitations may apply to this case.

Assuming Plaintiff worked 5 overtime hours on average per week, Plaintiff's damages on a half time basis[2] are:

$800.00/45 = $17.77
$17.77/2 = $8.88
$8.88 x 5 hours x 76 weeks = $3,377.77

In addition to his unpaid overtime wages, Plaintiff is seeking the recovery of liquidated, or double, damages in an amount equal to his unpaid overtime wages, as well as all reasonable attorneys' fees and costs.

7. **When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?**

Plaintiff's attorney filed complaint on March 4, 2013.

8. **Was this complaint written or oral? (If written complaint, please attach a copy)**

N/A.

9. **What was your employer's response? (If a written response, please attach a copy).**

N/A.

10. **Did you maintain any records of the hours you worked? If so, identify all such records.**

Plaintiff maintained some copies of his pay stubs and W-2.

---

[2] Plaintiff does not waive the argument that a time and a half calculation applies in this case.