UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN TESKEY,

       Plaintiff,

vs.

INFINITY SALES GROUP, LLC.,

       Defendant.

CASE NO. : 9:13-cv-80220- KLR

## DEFENDANT, INFINITY SALES GROUP, LLC'S ANSWER AND STATEMENT OF DEFENSES

Defendant, INFINITY SALES GROUP, LLC (hereinafter "Defendant"), through its undersigned counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, STEVEN TESKEY (hereinafter "Plaintiff"), and asserts affirmative defenses as follows:

### COMPLAINT

1. Defendant admits Plaintiff purports to bring this action on behalf of himself and other current and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*. Defendant admits Plaintiff is an employee of Defendant. Defendant denies that others are or were similarly situated to Plaintiff. Defendant further denies any violation of law.

2. Defendant admits Plaintiff is an employee of Defendant. Defendant denies the remaining allegations and inference in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits Plaintiff was hired by Defendant in July 2009 and remained in the position for which he was hired until October 2009. Defendant denies the remaining allegations and inference in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits Plaintiff avers that he only intends this action to encompass the time in which Plaintiff was titled a "sales manager" within the three year statute of limitations. Defendant denies the remaining allegations and inference in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits this purports to be an action to recover overtime compensation, liquidated damages and attorney's fees pursuant to 29 U.S.C. § 216(b). Defendant denies any violation of law and further denies Plaintiff is entitled to any of the relief sought in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

13. Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint for venue purposes only.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours per week in one or more weeks during his employment when Plaintiff was classified by Defendant as exempt. Defendant denies Plaintiff was entitled to overtime compensation during the weeks he was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours. Defendant denies that others are or were similarly situated to Plaintiff.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits Plaintiff seeks to represent a collective action of individuals identified by Plaintiff as "former misclassified, salaried employees who worked overtime hours for Defendant on or after March 2010, but were not compensated for those hours worked because Defendant misclassified them as exempt from the overtime provisions of the FLSA." Defendant denies that the proposed collective action is appropriate, and denies that others are or were similarly situated to Plaintiff.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the records concerning the hours Plaintiff worked and Plaintiff's compensation are in Defendant's possession and custody. Defendant denies that others are or were similarly situated to Plaintiff.

21. Defendant admits 29 U.S.C. § 216(b) allows for the recovery of reasonable attorney's fees and costs. Defendant is without knowledge as to the remaining allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies same.

22. Defendant admits that Plaintiff requests a jury trial for all issues so triable. Defendant denies Plaintiff will be able to present any issue triable by jury.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Complaint, as set forth above.

24. Defendant denies Plaintiff and other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

Defendant denies that Plaintiff and other similarly situated employees are entitled to any of the relief they seek in the unnumbered "WHEREFORE" paragraph following Paragraph 26 of Plaintiff's Complaint.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant alleges the following:

### FIRST DEFENSE

Plaintiff's claim fails on grounds it does not state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has been paid all amounts to which he is legally entitled.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the applicable statute of limitations.

**FOURTH DEFENSE**

Any amounts owed to Plaintiff are *de minimis* and any action for same under the FLSA is barred.

**FIFTH DEFENSE**

Defendant is entitled to a setoff for any overpayments made to Plaintiff.

**SIXTH DEFENSE**

During all or a portion of Plaintiff's employment with Defendant, Plaintiff was exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213 and applicable regulations.

**SEVENTH DEFENSE**

Plaintiff's claim for liquidated damages under the FLSA fails because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA.

**EIGHTH DEFENSE**

Defendant is informed and believes and, based thereon, alleges that Plaintiff lacks standing to assert the Complaint or any purported claim for relief alleged therein.

**NINTH DEFENSE**

Plaintiff is not similarly situated to other employees and is not a proper representative of the employees Plaintiff purports to represent and, accordingly, this action is not properly brought as a collective action.

## **TENTH DEFENSE**

Plaintiff's allegations and Complaint do not meet the requirements for a collective action.

## **ELEVENTH DEFENSE**

Defendant reserves the right to bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, Defendant respectfully requests that this Honorable Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its costs of suit herein, (iii) award Defendant reasonable attorneys' fees as may be determined by the Court, (iv) grant such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: this 25th day of March, 2013.

        Respectfully submitted,

        JACKSON LEWIS LLP
        390 North Orange Avenue, Suite 1285
        Post Office Box 3389
        Orlando, Florida 32802-3389
        Telephone:   (407) 246-8440
        Facsimile:    (407) 246-8441

By:   */s/ Stephanie L. Adler-Paindiris*
      Stephanie L. Adler-Paindiris
      Florida Bar No. 523283
      adlers@jacksonlewis.com

      Jessica DeBono Anderson
      Florida Bar No. 0058503
      jessica.anderson@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Stephanie L. Adler-Paindiris*
        Stephanie L. Adler-Paindiris

## SERVICE LIST

Camar R. Jones, Esquire
FBN. 720291
Shavitz Law Froup, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL  33432
Phone:  561-447-8888
Fax:  561-447-8831
Email:  cjones@shavitzlaw.com
Attorneys for Plaintiff
Method of Service:  CM/ECF

4851-1695-8483, v. 1