UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN TESKEY,

      Plaintiff,

vs.

INFINITY SALES GROUP, LLC.,

      Defendant.

CASE NO. : 9:13-cv-80220- KLR

**DEFENDANT INFINITY SALES GROUP, LLC'S**
**VERIFIED SUMMARY PURSUANT TO**
**THE COURT'S FLSA SCHEDULING ORDER (DOC. 4)**

Defendant, INFINITY SALES GROUP, LLC, through its undersigned counsel and pursuant to the Court's FLSA Scheduling Order (Doc. 4), files this Verified Summary. The documents listed in the Order, to the extent such documents exist, are being served on opposing counsel but not filed.

    1.    During the two-year period prior to the filing of the instant lawsuit, Defendant was engaged in commerce.

    2.    According to Plaintiff's lawsuit, he is seeking overtime compensation for the period he was employed as a Sales Manager. *See* Complaint, Dkt. 1, ¶5.

    3.    Plaintiff held the position of Sales Manager from March 4, 2011 to September 13, 2011 and from October 10, 2011 to October 22, 2012.[1] Plaintiff was paid a salary on a biweekly basis. Plaintiff also received commission and/or bonus payments.

---

[1] Plaintiff held a Sales Agent position from September 14, 2011 to October 9, 2011 and from October 23, 2012 to present. Plaintiff has been paid overtime compensation as a Sales Agent. Plaintiff does not seek unpaid overtime compensation for the time period he has held the position of Sales Agent.

4. Because Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act (the "FLSA") when he held the position of Sales Manager, he did not receive overtime compensation from March 4, 2011 to September 13, 2011 and from October 10, 2011 to October 22, 2012.

5. When Plaintiff held the Sales Manager position, he was scheduled to work 5 days a week. Plaintiff's daily shift was 9 hours, and Plaintiff was to take a one hour meal break each day.

6. The records in Defendant's possession reflect the following wages paid to Plaintiff and number of hours of paid time off ("PTO"), bereavement and/or vacation taken by Plaintiff during the relevant time period:

| Pay Period ending | PTO/Bereavement/Vacation Hours | Wages Paid | Commission/Bonus Paid in Addition to Wages |
|---|---|---|---|
| 3/6/2011 | 0 | $1,522.50 | $0 |
| 3/20/2011 | 0 | $1,522.50 | $1 |
| 4/3/20011 | 0 | $1,522.50 | $0 |
| 4/17/2011 | 0 | $1,522.50 | $0 |
| 5/1/2011 | 0 | $1,522.50 | $0 |
| 5/15/2011 | 0 | $1,522.50 | $0 |
| 5/29/2011 | 16 | $1,522.50 | $250.00 |
| 6/12/2011 | 0 | $1,522.50 | $0 |
| 6/26/2011 | 0 | $1,522.50 | $0 |
| 7/10/2011 | 0 | $1,522.50 | $0 |
| 7/24/2011 | 40 | $1,522.50 | $0 |
| 8/7/2011 | 24 | $1,522.50 | $0 |
| 8/21/2011 | 0 | $1,370.00 | $0 |
| 9/4/2011 | 0 | $1,522.50 | $0 |
| 9/4/2011 | 8 | $152.25[2] | $0 |

---

[2] Plaintiff received this check as a correction of pay for week ending August 21, 2011.

| Pay Period ending | PTO/Bereavement/Vacation Hours | Wages Paid | Commission/Bonus Paid in Addition to Wages |
|---|---|---|---|
| 9/18/2011 | 0 | $1,063.50[3] | $396.00 |
| 10/16/2011 | 0 | $750.00[4] | $512.00 |
| 10/30/2011 | 8 | $1,500.00 | $78.00 |
| 11/13/2011 | 0 | $1,500.00 | $0 |
| 11/27/2011 | 8 | $1,650.00 | $0 |
| 12/11/2011 | 0 | $1,500.00 | $750.00 |
| 12/25/2011 | 0 | $1,500.00 | $0 |
| 1/8/2012 | 8 | $1,661.25 | $152.25 |
| 1/22/2012 | 0 | $1,522.50 | $0 |
| 2/5/2012 | 24 | $1,522.50 | $0 |
| 2/19/2012 | 0 | $1,522.50 | $0 |
| 3/4/2012 | 11.5 | $1,522.50 | $0 |
| 3/18/2012 | 0 | $1,522.50 | $0 |
| 4/1/2012 | 0 | $1,600.00 | $0 |
| 4/15/2012 | 0 | $1,600.00 | $0 |
| 4/29/2012 | 16 | $1,600.00 | $0 |
| 5/13/2012 | 0 | $1,600.00 | $0 |
| 5/27/2012 | 0 | $1,600.00 | $0 |
| 6/10/2012 | 0 | $1,600.00 | $0 |
| 6/24/2012 | 0 | $1,600.00 | $31.00 |
| 7/8/2012 | 0 | $1,600.00 | $0 |
| 7/22/2012 | 0 | $1,600.00 | $128.00 |
| 8/5/2012 | 0 | $1,600.00 | $0 |
| 8/19/2012 | 0 | $1,600.00 | $0 |
| 9/2/2012 | 16 | $1,600.00 | $0 |
| 9/16/2012 | 0 | $1,600.00 | $0 |
| 9/30/2012 | 0 | $1,600.00 | $0 |
| 10/14/2012 | 0 | $1,600.00 | $120.50 |

---

[3] Plaintiff was demoted from Sales Manager to Sales Agent during this pay period. As such, he was paid his salary as a Sales Manager for a portion of this pay period and his hourly rate as Sales Agent for a portion of this pay period.

[4] Plaintiff was promoted from Sales Agent to Sales Manager during this pay period. As such, he was paid his salary as a Sales Manager for a portion of this pay period and his hourly rate as Sales Agent for a portion of this pay period.

7. Defendant certifies that a copy of all available records that support or relate to the time periods contained herein have been served on Plaintiff's counsel.

## VERIFICATION

I, Laresa McIntyre, hereby state as follows:

1. I am the Chief Financial Officer for Infinity Sales Group LLC.

2. I have reviewed the foregoing Verified Summary for Plaintiff Steven Teskey. The information provided therein was obtained from Company records. Infinity Sales Group reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3. Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing Verified Summary is true and correct to the best of my knowledge, information and belief.

Infinity Sales Group, LLC

By: _____

STATE OF FLORIDA       )
                       ) ss
COUNTY OF PALM BEACH   )

SWORN TO AND SUBSCRIBED before me this ___ day of April, 2013, by Laresa McIntyre, as Chief Financial Officer of Infinity Sales Group who is personally known to me or has produced _____ as identification.

_____
Notary Public

IRMA A. RIVERA
Commission # EE 181105
Expires March 19, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

Dated: this 8th day of April, 2013.

Respectfully submitted,

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:    (407) 246-8440
Facsimile:     (407) 246-8441

By:    /s/ Stephanie L. Adler-Paindiris
Stephanie L. Adler-Paindiris
Florida Bar No. 523283
adlers@jacksonlewis.com

Jessica DeBono Anderson
Florida Bar No. 0058503
jessica.anderson@jacksonlewis.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephanie L. Adler-Paindiris
Stephanie L. Adler-Paindiris

**SERVICE LIST**

Camar R. Jones, Esquire
FBN. 720291
Shavitz Law Froup, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL  33432
Phone:  561-447-8888
Fax:  561-447-8831
Email:  cjones@shavitzlaw.com
Attorneys for Plaintiff
Method of Service:  CM/ECF

4818-6684-5971, v. 2